No. 21,766.

J. H. LOE et al., *Appellants,* v. THE CITY OF PALCO et al.,
*Appellees.*

### SYLLABUS BY THE COURT.

CITY BONDS—*Combined Water and Electric Light Plants—Construction
of Statute—Bonds Valid.* Chapter 75 of the Laws of 1913, relating,
among other things, to municipal bond issues for the construction of
combined water and electric light plants, and chapter 123 of the Laws
of 1913, both of which purport to amend an earlier statute, are to be
construed together. So construed, the law as it now stands is chap-
ter 123, with the additions to the old law lodged in chapter 75 concern-
ing bond issues of the character stated.

Appeal from Rooks district court; CHARLES I. SPARKS, judge.
Opinion filed June 8, 1918. Affirmed.

*W. L. Sayers,* of Hill City, for the appellants.

*S. N. Hawkes,* of Stockton, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by taxpayers to enjoin the
city from issuing bonds for the construction of a combined
water and electric light plant. An injunction was refused, and
the plaintiffs appeal.

The proposition submitted at the bond election was to issue
bonds for the purpose of constructing works consisting of a
combined water and electric light plant to supply the city and
its inhabitants with water and electric light. It is contended
this was a dual proposition. Plainly, the proposition was sin-
gle—the construction of a single plant combining in its func-
tions services usually performed by separate works.

The principal contention is that no statutory authority
existed for the issuance of bonds for the construction of a com-
bined water and electric light plant. Such authority is found
in chapter 75 of the Laws of 1913 (Gen. Stat. 1915, § 825),
which took effect on February 20, 1913. It is claimed, how-
ever, that this act was nullified by another passed at the same
session, chapter 123 of the Laws of 1913 (Gen. Stat. 1915,
§ 853), which was approved on March 13, 1913, and took effect

on subsequent publication in the statute book. Both acts amended and repealed section 1 of chapter 75 of the Laws of 1911. An analysis of their provisions discloses that the two measures were directed toward quite different ends. The purpose of chapter 75 was to permit combined water and electric light plants, to permit bonds to be issued without a separate vote on the water and electric light features of the combination, and to validate bonds already issued to build combined plants. In other respects the former law was not changed. The purpose of chapter 123 was to extend the old law to include authority to issue bonds for the purpose of "purchasing, extending and improving" the public utilities described, except street railway and telephone service, which were omitted. Incidentally, cities of the first class were also omitted, because they were governed by a separate code. It is plain, therefore, that the two acts should be read together in order to arrive at the full legislative intention. This may be done without encountering the slightest conflict, and the law as it now stands is chapter 123, with the additions to the old law which were lodged in chapter 75.

Some of the details of the bond election proceedings are criticized, but no irregularities occurred of sufficient consequence to require the district court to restrain issuance of the bonds, and its judgment is affirmed.